IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ELISA S. GALLO, MD,

        Plaintiff,

 v.

MAYO CLINIC HEALTH SYSTEM-FRANCISCAN
MEDICAL CENTER, INC. and
MICHAEL WHITE, MD,

        Defendants.

ORDER

15-cv-304-jdp

---

  Plaintiff Elisa S. Gallo brought this case against her former employer, Mayo Clinic Health System-Franciscan Medical Center, Inc., and her supervisor there, Michael White, contending that they breached her separation agreement. I granted summary judgment in favor of defendants, Dkt. 97, and Gallo appealed, Dkt. 108. Magistrate Judge Peter Oppeneer issued a bill of costs in the amount of $2,871.64. Dkt. 107. Gallo moves to stay enforcement of the award of costs pending appeal under Federal Rule of Civil Procedure 62(d). Dkt. 109. I will grant her motion.

  Under Rule 62(d), a party may obtain a stay of execution of a money judgment pending appeal by posting a supersedeas bond assessed by the court. *See BASF Corp. v. Old World Trading Co.*, 979 F.2d 615, 616 (7th Cir. 1992). But Rule 62(d) does not apply to a non-monetary judgment. *See Donovan v. Fall River Foundry Co.*, 696 F.2d 524, 526 (7th Cir. 1982); *Omnioffices, Inc. v. Kaidanow*, 201 F. Supp. 2d 41, 43-44 (D.D.C. 2002) (collecting cases); James W. Moore, 12 *Moore's Federal Practice* § 62.03 (3d ed. 2016).

Here, the operative judgment on appeal is not a money judgment, Dkt. 98, and the $2,871.64 amount is not for a supersedeas bond. So Rule 62(d) does not apply.

Instead, the question here is whether Gallo should post a bond for costs (not a supersedeas bond) before the resolution of her appeal. The Federal Rules of Civil Procedure are silent on whether the losing party must post a bond for costs. 10 Moore, *supra* § 54.105; Charles Alan Wright & Arthur R. Miller, 10 *Federal Practice and Procedure* § 2671 (3d ed. 1998). A district court *may* promulgate local rules on fee-related matters, but when no local rule addresses the issue, as it is the case here, the court has inherent authority to require a party to post a bond for costs on case-by-case basis. *See Anderson v. Steers, Sullivan, McNamar & Rogers*, 998 F.2d 495, 496 (7th Cir. 1993) ("[T]he power to tax costs implies the ancillary power to take reasonable measures to ensure that the costs will be paid."). But before ordering a party to post a bond, the court should assess whether "there is reason to believe that the prevailing party will find it difficult to collect its costs." *Id.*; *accord Gay v. Chandra*, 682 F.3d 590, 594 (7th Cir. 2012).

Here, Gallo is a doctor who has employed three law firms throughout the course of this litigation. I see no reason why defendants would have any difficulty collecting $2,871.64 in the event that they prevail on appeal. Accordingly, I will grant Gallo's motion to stay the execution of the bill of costs.

ORDER

IT IS ORDERED that plaintiff Elisa S. Gallo's motion to stay enforcement of the bill of costs pending appeal, Dkt. 109, is GRANTED.

Entered April 17, 2017.

BY THE COURT:
/s/
_____
JAMES D. PETERSON
District Judge